# NO. 12-23-00288-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE* |
| *A.F., A.F. AND A.J., CHILDREN* | § | *COUNTY COURT AT LAW NO. 2* |
| | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

D.F. appeals his appointment as possessory conservator of his children. His counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

D.F. is the father of A.A.F. and A.G.F., M.L. is the mother of A.F., A.F., and A.J., and D.J. is the father of A.J.[1] On March 24, 2022, the Department of Family and Protective Services (the Department) filed an original petition for protection of a child, for conservatorship, and for termination of D.F.'s, M.L.'s, and D.J.'s parental rights. The Department was appointed temporary managing conservator of A.A.F. and A.G.F., and D.F. was allowed limited access to, and possession of, the children.

The evidence at trial showed that D.F. had not been present in court until the trial, had not cooperated with the Department, and had not complied with requested drug testing. In addition, D.F. had not seen his children in person in two years and had not communicated with them in seven months. The evidence further showed that D.F. had criminal and drug history, including going to rehab prior to trial. Furthermore, the children had been living with their grandmother

---

[1] M.L. and D.J. are not parties to this appeal.

for two years, and D.F. conceded he had not provided any support for his children in the previous five years.

At the conclusion of trial, the trial court found, by clear and convincing evidence, that D.F. engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), and (O) of Texas Family Code Section 161.001(b). However, it found that termination was not in the children's best interest. The trial court appointed D.F. possessor conservator of A.A.F. and A.G.F. after finding that appointing him managing conservator would significantly impar the children's physical health or emotional development. The trial court further ordered supervised possession and access for D.F., drug testing, and $50 per month in support for each child. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

D.F.'s counsel filed a brief in compliance with *Anders*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. The procedures set forth in *Anders* are applicable to an appeal from a trial court's order in a suit brought by the Department of Family and Protective Services for the protection of a child, for conservatorship, or for termination of parental rights. *See In re M.R.*, No. 01-20-00845-CV, 2021 WL 2425245, at *1–2 (Tex. App.—Houston [1st Dist.] June 15, 2021, no pet.) (mem. op.); *see, e.g., In re E.L.W.*, No. 01-17-00546-CV, 2017 WL 5712545, at *1 (Tex. App.—Houston [1st Dist.] Nov. 28, 2017, no pet.) (mem. op.) (applying *Anders* procedures to appeal from final order in which trial court did not terminate parental rights but appointed paternal grandparents as managing conservators and parents as possessory conservators); *In re J.E.L.*, No. 04-15-00634-CV, 2016 WL 1359354, at *1 (Tex. App.—San Antonio Apr. 6, 2016, pet. denied) (mem. op.) (applying *Anders* procedures to appeal of trial court's order in suit affecting the parent-child relationship in which trial court did not terminate parental rights, but instead appointed children's grandparents as their managing conservators and children's parents as possessory conservators).

In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.–Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[2] *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.–Austin 2005, pet. denied).

<u>DISPOSITION</u>

We agree with D.F.'s counsel that the appeal is wholly frivolous. However, we deny counsel's request to withdraw. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id*. Accordingly, counsel's obligations to D.F. have not yet been discharged. *See id*.; *see also, Interest of G.C.L.*, No. 01-23-00591-CV, 2024 WL 234744, at *2 (Tex. App.— Houston [1st Dist.] Jan. 23, 2024, no pet. h.) (mem. op.) (applying *P.M.* to appeal in which trial court did not terminate parental rights). If D.F., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d at 27; *see A.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03–16–00543–CV, 2016 WL 5874880, at *1 n.2 (Tex. App.–Austin Oct. 5, 2016, no pet.) (mem. op.). Accordingly, we *affirm* the trial court's judgment. *See* TEX. R. APP. P. 43.2.

<u>BRIAN HOYLE</u>
Justice

Opinion delivered March 28, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Counsel for D.F. certified that he provided D.F. with a copy of the brief and informed him that he had the right to file his own brief and took concrete measures to facilitate review of the record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In the Matter of C.F.*, No. 03-18-00008-CV, 2018 WL 2750007, at *1 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.). D.F. was given the time to file his own brief, but the time for filing such brief has expired and we have received no pro se brief.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 28, 2024**

**NO. 12-23-00288-CV**

**IN THE INTEREST OF A.F., A.F. AND A.J., CHILDREN**

Appeal from the County Court at Law No. 2
of Angelina County, Texas (Tr.Ct.No. CV-00158-22-03)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*